## The People of the State of Illinois, Defendant in Error, v. Andrew Boa, Plaintiff in Error.

1. CRIMINAL LAW—*who entitled to carry concealed weapons.* A deputy game warden while in the discharge of his duties is authorized by law to carry concealed deadly weapons.

2. CRIMINAL LAW—*who not entitled to carry concealed weapons.* A justice of the peace is not authorized by statute to carry concealed deadly weapons.

Information for carrying concealed weapons. Error to the County

Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.    Heard in this court at the February term, 1908.    Affirmed. Opinion filed September 12, 1908.

WILLIAM A. THOMPSON, for defendant in error.

GEORGE W. JONES and BRADBURY & MAC HATTON, for plaintiff in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

An information consisting of two counts was filed in the County Court of Crawford county against the plaintiff in error, Andrew Boa, charging him in the first count with unlawfully carrying a concealed weapon and in the second with unlawfully displaying and flourishing a deadly weapon in a boisterous and threatening manner.

Subsequently a jury was waived and a trial had upon the following state of facts:

"First.    It is admitted that within eighteen months before the filing of the information in this cause that the defendant, Andrew Boa, then and there carried and had in his possession a revolver and that the same was concealed upon his person.

Second.    It is admitted and agreed that the defendant was then and there a duly elected and qualified and acting justice of the peace of said county.

Third.    It is admitted and agreed that the defendant, Andrew Boa, was then and there a duly appointed and qualified deputy game warden in and for said county, authorized to act as such."

The court found plaintiff in error guilty upon the first count and not guilty upon the second and sentenced him to pay a fine of twenty-five dollars and the costs of suit.    It was also ordered that he be committed to the county jail until fine and costs were paid. Plaintiff in error objects to the sufficiency of the complaint, but as this question was not raised in the court below it cannot properly be considered in this court.

The principal question raised by the record is that which relates to the claim of plaintiff in error that the trial court erred in finding him guilty under the stipulation as to the facts, for the reason that it therein appears he was of that class of persons exempted from the operation of the statute against carrying concealed weapons.

The information was based upon section 4 of the act relating to deadly weapons which provides, "Whoever shall carry a concealed weapon upon or about his person, of the character in this act specified, or a razor as a weapon, or whoever in a threatening or boisterous manner, shall display or flourish any deadly weapon, shall be guilty of a misdemeanor, and shall be fined in any sum not less than twenty-five dollars ($25) nor more than two hundred dollars ($200)." Rev. Stat. (Hurd 1905) chap. 38 sec. 54d.

The only persons exempt from the above provision of the law are those named in section 6 of the same act, which reads as follows: "Section four (4) of this act shall not apply to sheriffs, coroners, constables, policemen, or other peace officers, while engaged in the discharge of their official duties, or to any person summoned by any of such officers to assist in making arrest, or preserving the peace, while such person so summoned is engaged in assisting such officer."

Plaintiff in error takes the position that because it appears from the agreed statement of facts that he was at the time he carried the concealed weapon in question, "a duly elected and qualified and acting justice of the peace of said county," he fell within that class of persons denominated in the section last referred to as "other peace officers;" also that the further averment in said statement that he was at the time "a duly appointed and qualified deputy game warden in and for said county, authorized to act as such," brings him in the same class and exempts him from the operation of the law against carrying concealed weapons above quoted.

Section 1, Division 5 of our Criminal Code, Rev. Stat. (Hurd 1905) chapter 38, paragraph 319, provides that, "All judges of courts of record within their respective jurisdictions, and justices of the peace in their respective counties, are conservators of the peace and shall cause to be kept all laws made for the preservation of the peace, and may require persons to give security to keep the peace, or for their good behavior or both, as provided by this act."

While it is true that by the section of the statute last above set forth, the judges of courts of record and justices of the peace, within the limits therein named, are made conservators of the peace, which gives them large latitude and power in doing those things necessary to preserve the peace, yet after all the authority given them is that which pertains to judicial, not executive, officers.

In our opinion the section of the statute above referred to, which exempts "other peace officers" from the law against carrying concealed weapons, refers to and intends to include only those officers whose duties and powers are similar to the duties and powers of the officers named in said section just before the words "other peace officers," namely, sheriffs, coroners, constables and policemen, that is, to executive officers and not to judicial officers, and that therefore plaintiff in error did not, simply by virtue of his office as justice of the peace, come within the exemption. The statute relating to game provides (section 17, chapter 61 of the Revised Statutes, Hurd 1905), "Such state game commissioner, game wardens and their deputies shall have the full power to execute and serve all warrants and processes of the law issued by any justice of the peace or police magistrate, or by any court having jurisdiction under the law relating to (the) game in the same manner as any constable may serve and execute such process, and may arrest on sight and without warrant, any person detected by them actually violating any of the provisions of the laws of the state relating to game

and birds, and may take such person so offending before any court having jurisdiction of the offense and make proper complaint before such court, which shall proceed with the case in the manner and form provided by law for misdemeanor. It shall further be the duty of such game commissioner, game wardens or their deputies, upon receiving any information that any law relative to game and birds has been violated, to immediately cause a thorough examination of such complaint to be made, and to cause proceedings to be instituted if the proof at hand warrants; and all sheriffs, deputy sheriffs, coroners and police officers of the state are hereby declared to be ex-officio deputy game wardens, and it shall be the duty of each and every one of them to assist the state game commissioner, game wardens and their deputies in the enforcement of the state game law the same as it is their duty to assist in the enforcement of other laws, and such state game commissioner, game wardens and deputy game wardens shall seize on sight without process, any game found in the possession of any person or corporation which is so in possession contrary to law.''

The duties which are thus cast upon the deputy game wardens, as such, are executive in their nature and similar to those performed by sheriffs and constables, and said section of the statute in effect recognizes that fact by declaring all sheriffs, deputy sheriffs, coroners and police officers of the state, deputy game wardens, *ex officio*. It appears therefore that a deputy game warden, is, for the purpose of discharging the duties cast upon him by the statute, a peace officer and entitled while so engaged, to the same right to carry concealed weapons that other peace officers have. The right of an officer to carry weapons when it exists, is not conferred upon him simply because he is an officer, but arises out of considerations relative to the discharge of his official duties. The statute of this state recognizes that theory by expressly providing, as above set forth, that the exemption from punishment for car-

rying concealed weapons, shall apply to the officers named "while engaged in the discharge of their official duties."

In the case before us, while the stipulation of facts states that plaintiff in error "was then and there a duly appointed and qualified deputy game warden, in and for said county, authorized to act as such," it does not state nor can it be legally inferred therefrom that at the time named he was actively engaged in the discharge of his official duties as such deputy game warden, and for aught that appears he may have been then engaged in other business which had no connection whatever with his duties as deputy game warden and under circumstances which could admit of no occasion for the exercise of such duties.

The agreed statement of facts did not present such a case as would entitle plaintiff in error to be exempted from the operation of the law relative to the carrying of concealed weapons and the judgment of the court below against him is accordingly affirmed.

*Affirmed.*